Judge Mills
delivered the Opinion of the Court.
Sally Harlan, the defendant in error, declared in assumpsit against the plaintiffs, setting forth that the executors of James Harlan were indebted to her, in a sum of money, and that the plaintiffs in error, were indebted to said executors in another large sum, due by judgment, and fluir it. was agreed between t!ie, parties, that the plamfifib w error should pay to her a certain sum, in ccrlaiu insfaimoute, or for her in discharge of her debts to others, and that in consideration of this promise, of the plaintiffs in error, she did receipt to, and release the executors for the amount, and discharge them from the debt, duo to her, and tliesaid executors did direct the sheriff, who held the execution for thejrdemand against the plaintiffs in error to receipt for the same amount to said plaintiffs; and to give them a credit for the amount,. *350 which was accordingly done — And she assigns Ups breach in the failure of the plaintiffs in error, to pay her the sum .stipulated.
Evidence gn the trial.
tíheriff’s receipt.
(teluro on the execution.'
■'in an action .against the defendant in the execution, by a "third person •jyho being the creditor of the plaintiff .'n the execution, caused it .;obe¡rcturee4
On the trial of the issue of non-assumpsit, the defendant in error introduced, as a witness, to prove the discharge given by the executors to the now plaintiffs, for the amount assumed to the defendant, the sheriff who held the execution of the executors against the now plaintiffs in his hands at the tint® of the arrangement aforesaid. He deposed that when he had the execution of said executors in his hands against the now plaintiffs in error — he, at the direction of the executors plaintiffs in the execution, gave to one of the defendants therein, now plaintiffs in error, a receipt to the following effect, to-wit:
“Received of George Caldwell, one thousand eight hundred and four dollars and fifty cents, in part of an execution issued from the Mercer circuit court office, in favor of Harlan’s executors against George and Davis Caldwell.” This was signed by the sheriff.
He stated that he did not in fact, receive the snip stated in the receipt, except forty or fifty dollars, but gave it at the direction of the executors, and the solicitation of George Caldwell, the executors admitting satisfaction, and directing him at the same time, to return lite execution satisfied, which he did without having in fact received the money.
The execution was demanded by the counsel of the plaintiffs in error, who were defendants below, and was produced, and the return thereon reads thus:
“Received on this execution, eighteen hundred and four dollars and fifty-five cents,. — Execution satisfied the 25th May, 1818.” Signed by the sheriff.
Thereupon, the counsel for' the defendants below, moved the court to reject so much of the testimony of the sheriff, as tended to prove that fie, the sheriff, had not in fact received the sums named in the receipt and the return on the execution, on the ground that the testimony tended to contradict the sheriff’s receipt and his return on the execution — and also* on the ground that the witness was interested, and deposing in favor of his interest. The court below overruled the objection and, admitted the evidence *351 The defendants below excepted, and a verdict and judgment'being found against them, they have prosecuted this writ of error, with supersedeas, and rely on the admission of this evidence, as the oniy ground to reverse the judgment.
satisfied by !U1 arrange^consWoration of the as. sumpsiiuf the, Wim*thc° amount — the shcriffis com^^ovo^th” transaction,
Receipt may be explained dance, and to partíesfor ° something oquaUo^ayment.
Sheriff's rebetweVn\he partios, and on the sheriff. is noiso uper. strangers a;;aiust wboni il; may bo ■ collaterally introduced, lor they may falsify that, or any other par: of thorcrsoVd.
*351 As to the ground of interest, relied on to exclude the witness, we are not sensible, of its existence. , We cannot see how the sheriff could, by his testimony in this case subject himself to, or excuse himself from any demand, which could be asserted by law. It is clear that the verdict and judgment in this case could not be given 'in evidence in his favor in any suit or motion brought against him by the executors of Harlan, whose execution he had extinguished by the return, or receipt. Although they were parties to that execution and return, yet they are not parties to this suit, nor can they be affected by any thing done in it. There is then no interest which ought to exclude the witness.
Nor do we conceive that tiie receipt of the sheriff ought to have been taken as conclusive, that so msny dollars were actually paid. For although there is no rule of evidence better settled than that evidence cannot- be permitted to contradict written agreements — yet a receipt which only declares that such a fact has transpired, although it is evidence of a strong character, has never been deemed more than prima facie evidence, and it may be attacked and destroyed by other evidence. It is competent for a party to shew, that something else than the-sum expressed was held by the parties equal to that sum, and receipted for as such. So- here it was competent for,the defendant in error to prove that certain arrangements or agreements entered into between the parties to tiie execution, was deemed by the parties of a certain value in money, and that at their instance tiie receipt wtpj given for that sum, in order to meet the terms of and discharge so much of the money demanded by the execution.
Nor can the evidence offered be incompetent, heeauso it goes to contradict the record of the sheriff’s return. It is true, a sheriff’s return is, and often has been held conclusive between the parlies to the. Wl’it.- '
Ojie fcí á party, bc- ■ aiming inlcr«sli'd in the testimony of the sheriff to establish a fact, may call him after-wards to (■¡•ove it— though the slionft' in do-,>;i" so, contradict a return ho made in’lho interim in a ca-ft between others, ar-(l him aaainst •vhom he Ü
It may also be held conclusive against the sheriff himself, although either party in a proper action brought against the sheriff, may be permitted to prove it false. These rules however, bnly apply to the parties to the writ, and the officer himself, and cannot be applicable to strangers when their rights are affected. Indeed it may be laid down as a general rule, that wherever records can be given in evidence for or against persons who are not parties or privies to the record, they are only prima facie evidence, and may be disproved or falsified by strati-
Here the plaintiff below was not party to this writ; on which the return in question is made, nor had she any control over the mode which might be adopted by the partios in constructing a return that should discharge the execution, nor had she any command of the sheriff who made it;
She, therefore, ought to be permitted to shew that the fact was different from the expressions contained in the return;, and to prove that the design of the whole was to discharge the defendants in the execu - tion because of their assumpsit to her.
The oidy remaining objection which can he made to the evidence lies not against the nature of the evidence, but against the person who gave it, and it maybe insisted that the sheriff ought not to he allowed to contradict his official acts, or return in any case. We say contradict — for we do view the testimony of the sheriff, as conflicting somewhat will,' the letter of Ins return, and not as explanatory of it j as the court below seems to have supposed. We view the return as tantamount to a return of so much money made.
Waving for the present, a minute inquiry into the precluding an officer from contradicting by' oaUi, as a witness, his official acts as officer, ami supposing that the rule must operate more strongly, in casts between parties to the record, we conceive that the plaintiff was entitled to his testimony. lie became possessed of a knowledge of ail the facts essential to the plaintiffs recovery previous to his making the return in question, and we cannot admit, that, any arrangements hcUveoii¿he defendants and plaintiffs to *353 that execution, or arty return.which he might make by their direction, could deprive tlie plaintiff in this action of his evidence. He could not disqualify himself as a witness, and thereby cause the present defendant in error to lose her rights, depending upon his evidence, nor was she es'stoppcd to cali and use him as a witness, whatever might be the case with regard to the parties to the execution. If, ás we have supposed, she could prove the return and receipt to be untrue, she was entitled to the testimony of the sheriff for that purpose, who could not disqualify himself, unless it was by some act which precluded his being sworn in a court (if justice.
Bibb for plaintiffs,* Crittenden for defendant. '
The judgment must be affirmed with costs and damages.